**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2056-15T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

  v.

J.B., Jr.,

     Defendant-Appellant.

_____

Submitted October 31, 2017 — Decided November 13, 2017

Before Judges Fisher and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 07-06-1176.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew J. Shaw, Designated Counsel, on the brief).

Gurbir S. Grewal, Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 2010, defendant was convicted of aggravated sexual assault against his stepdaughter between 2002 and 2004, when she was under the age of thirteen, and between 2004 and 2006, when she was at

least thirteen but not yet sixteen years old.[1] An extended fifty-year prison term was imposed, as well as lesser concurrent prison terms on other related offenses.[2] Defendant appealed, arguing: the trial court erred in denying his motion to suppress evidence; the prosecutor introduced improper lay opinion and placed other-crimes evidence before the jury; the judge failed to issue an appropriate limiting instruction regarding the other-crimes evidence; the prosecutor introduced expert testimony that was not disclosed during discovery; the prosecutor gave an improper summation; the judge erred in denying defendant's motions for acquittal or a new trial; and the sentence imposed was excessive. We rejected all these arguments and affirmed. State v. J.B., Jr., No. A-0612-10 (App. Div. Oct. 3, 2013). And the Supreme Court denied certification. State v. J.B., Jr., 217 N.J. 304 (2014).

In 2014, defendant filed a pro se PCR petition. He later moved to recuse the PCR judge because that judge had presided over

---

[1] The circumstances surrounding defendant's crimes are discussed at some length in our opinion on defendant's direct appeal and need not be repeated.

[2] Defendant was also tried in 2011, when he was fifty-four years old, for the 1972 murder of his younger brother when defendant was a juvenile. The judge in that matter — who was the post-conviction relief (PCR) judge here — imposed a twenty-year period of incarceration. We affirmed that determination in 2013. State in the Interest of J.B., Jr., No. A-0366-11 (App. Div. July 11, 2013).

A-2056-15T1

the juvenile matter. Both the PCR petition and the recusal motion were denied, and defendant appeals, arguing:

> I. THE PCR COURT ERRED IN DENYING THE PCR PETITION WI[TH]OUT HOLDING AN EVIDENTIARY HEARING.
>
> > A. Trial Counsel's Failure to Timely Object to the Testimony of Dr. Stewart.
> >
> > B. Trial Counsel's Failure to Object to the Admission of Other Crimes Evidence or to Seek a Limiting Instruction.
> >
> > C. Trial Counsel's Failure to Request a Change of Venue.
> >
> > D. Trial Counsel's Cumulative Errors.
>
> II. THE PCR COURT ERRED IN DENYING THE MOTION FOR RECUSAL.

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and affirm. We add only the following brief comments.

In his PCR petition, defendant claimed his trial attorney was ineffective for the reasons set forth in the subsections to his Point I above.

As for defendant's arguments in Point I(A) about Dr. Stewart's testimony — that counsel failed to adequately respond to Dr. Stewart's reliance on a study that supported his view that penetration of the vagina or anus of an adolescent girl would not

3

A-2056-15T1

necessarily cause visible trauma — fails to satisfy the requirements of the second prong of the <u>Strickland</u>/<u>Fritz</u>[3] test because defendant was not convicted of any count alleging vaginal or anal penetration of the victim.

In Point I(B), defendant argues, first, that counsel was ineffective in failing to object to evidence regarding the victim's late assertion of vaginal penetration. As noted above, defendant was not convicted of any such conduct, but he argues now — without having first made this argument to the PCR judge — that his trial attorney should have sought to bar any such evidence and was consequently ineffective. We reject that argument not only because it was not argued to the PCR judge and not only because arguments regarding other-crimes evidence were raised in the direct appeal and rejected by us, but also because defendant has failed to show how this evidence — or the admission of a letter which was raised in the PCR court — prejudiced his right to a fair trial.

Defendant's argument in Point I(C) — that his trial attorney was ineffective in failing to seek a change of venue — does not warrant further comment.

We affirm the denial of defendant's recusal motion — which was based solely on the fact that the PCR judge was also the trial

---

[3] <u>Strickland v. Washington</u>, 466 <u>U.S.</u> 668, 104 <u>S. Ct.</u> 2052, 80 <u>L. Ed.</u> 2d 674 (1984); <u>State v. Fritz</u>, 105 <u>N.J.</u> 42 (1987).

judge, and therefore the factfinder, in the unrelated 2011 juvenile matter — substantially for the reasons set forth by the PCR judge in his oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION